IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GEORGE HELMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.  3:04-cv-00480-C |
| ) | WO |
| GENERAL DYNAMICS CORP., *et al*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Now pending before the court is the plaintiff's motion for leave to amend the complaint (doc. # 28) filed on March 17, 2005.  The plaintiff filed his original complaint on May 18, 2004.  (Doc. # 1).  On November 9, 2004, the court entered a scheduling order pursuant to FED. R. CIV. P. 16.  (Doc. # 24).  The scheduling order required that the plaintiff amend the pleadings or add parties on or before December 31, 2004.

In the original complaint, the plaintiff seeks to recover only benefits due under the terms of the defendant Long Term Disability Plan. (Doc. # 1, p. 6 at ¶ 32).  In the amendment to the complaint, the plaintiff seeks

> (1) to recover past, present, and future benefits due to Plaintiff under the terms of The STD Plan and The LTD Plan, (2) to enforce Plaintiff's rights under the terms of The STD Plan and The LTD Plan, and (3) to clarify Plaintiff's rights to future benefits under the terms of The LTD Plan.

(Pl's First Amended Compl., p. 5 at ¶ 31).  This claim is markedly different from the claim in the original complaint.[1]

---

[1] In support of the motion for leave to amend the complaint, the plaintiff disingenuously asserts that the complaint "is amended for the sole purpose of clarifying certain factual allegations and legal

While leave to amend should be "freely given when justice so requires," the court can deny amendments when (1) the amendment would be prejudicial to the opposing party; (2) there has been undue delay or bad faith on the part of the moving party; or (3) the amendment would be futile.  *See* FED. R. CIV. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  *See also Jameson v. Arrow Co.,* 75 F.3d 1528, 1534 (11th Cir. 1996).

The defendants assert that the motion to amend should be denied as it is untimely, and the plaintiff offers no reason at all for failing to meet the deadline set forth in the Uniform Scheduling Order.  The defendants also assert that the plaintiff was not diligent in meeting the deadline set forth in the Uniform Scheduling Order and that they would be prejudiced by allowing the amendment at this late date.  Everything the defendants argue is absolutely correct.  The plaintiff seeks to alter the theory of recovery under which he is proceeding.  He offers no explanation as to why the claim could not have properly been presented in the original complaint nor does he explain why he could not amend the complaint before the amendment deadline passed in December 2004.  To allow the amendment at this late date may require the defendants to expend additional time and expense which would be burdensome.[2]

Absent good reason, the court is not normally inclined to subject defendants to the additional burdens associated with granting amendments to a complaint.  Under normal

---

claims.  Plaintiff's Complaint does not contain any additional counts."  While the complaint does not add any new count, it radically changes the single count presented.

[2] Also pending are the parties' cross-motions for summary judgment which may affect whether the defendants have to expend additional time and expense in this case.

circumstances, the court would not allow the amendment as untimely and prejudicial. However, in this case it is only the amended complaint which is factually accurate and which provides the court with the only legitimate basis upon which to proceed in this matter. *See* FED. R. CIV. P 1("[These rules] shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.") Absent granting the motion to amend, this case would proceed on a wholly erroneous factual basis; that the court cannot allow.

Accordingly, upon consideration of the motion to amend (doc. # 28) and for good cause, it is

ORDERED that the plaintiff's motion for leave to file an amended complaint (doc. # 28) be and is hereby GRANTED.

Done this 3rd day of August, 2005.


        /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE